UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:99-cr-00031-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SIZEMORE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 188.]  Defendant Charles Sizemore has been charged with a violation of his supervised release.  In September 1999, Defendant was sentenced to 295 months imprisonment followed by five years of supervised release upon his plea of guilty to conspiracy to distribute marijuana, possession with intent to distribute marijuana, and using a firearm in relation to a drug trafficking crime.  [R. 100.]

On January 13, 2021, Mr. Sizemore submitted a urine sample for testing which resulted positive for the use of methamphetamine.  [R. 188 at 2.]  Mr. Sizemore admitted to using methamphetamine three times within the previous thirty days and signed a written admission for such use.  *Id.*  Mr. Sizemore's use of methamphetamine constitutes two violations of his supervised release.  First, he has committed a Grace C violation by illegally possessing a controlled substance.  Second, he has committed a Grade B violation by committing a federal, state, or local crime.[1]  On January 29, 2021, Mr. Sizemore appeared before Judge Ingram for his

---

[1] Because use of an illegal substance equals possession and Mr. Sizemore has a prior drug conviction, his use of methamphetamine constitutes a violation of 21 U.S.C. § 844(a).

initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 183.] During the hearing, the United States made an oral motion for interim detention. [R. 188 at 2.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Sizemore to the custody of the United States Marshal. *Id.* On February 4, 2021, Mr. Sizemore appeared before Judge Ingram for his final hearing. [R. 187.] There, Mr. Sizemore stipulated to the violations imposed upon him. [R. 188 at 2.] The Magistrate Judge found Mr. Sizemore to have "competently entered a knowing, voluntary, and intelligent stipulation to both violations." *Id.*

At the final hearing, the parties disagreed about the appropriate sentence for Mr. Sizemore's violations. *Id.* at 4-6. The Government sought revocation with twelve months of imprisonment followed by five years of supervised release. *Id.* at 4. In support of its position, the Government referenced Mr. Sizemore's criminal history, which includes involvement in a major drug trafficking operation, and the torture and shooting of a person who owed him a drug debt. *Id.* The Government's position was that a strong message needed to be sent to the Defendant that meth use cannot be tolerated and that a person with such a violent history cannot be permitted to use destabilizing substances. *Id.* at 4-5. In response, the defense argued that "the Defendant's behavior could be better corrected by drug treatment or by allowing him to serve his sentence on home confinement." *Id.* at 5. In support, the defense argued that Mr. Sizemore has strong familial support, had enrolled in rehab to proactively address his drug problem, and had a job. *Id.* at 5-6. Additionally, the defense stated that Mr. Sizemore confessed to using drugs three times when only one time could be proven and accepted responsibility for his actions. *Id.* at 6.

After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended a sentence of six moths'

imprisonment, followed by four years of supervised release. *Id.* at 7. Additionally, Judge Ingram recommended a special condition that Mr. Sizemore refrain from alcohol use. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Sizemore has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on February 12, 2021. [R. 190.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 188] as to Defendant Charles Sizemore is **ADOPTED** as and for the Opinion of the Court.

2. Defendant Sizemore is found **GUILTY** of all violations;

3. Mr. Siezmore's Supervised Release is **REVOKED**;

4. Mr. Sizemore is hereby **SENTENCED** to a term of incarceration of six months;

5. Mr. Sizemore's supervision term is re-imposed for a period of forty-eight months on the same conditions previously imposed with an additional special condition that Defendant shall abstain from alcohol use.

**6.** Judgment shall enter promptly.

This the 26th day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge