UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | Crim. No. 6:99-cr-00031-GFVT-HAI |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CHARLES SIZEMORE, ) | |
| ) | |
|    Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

     This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram. [R. 219.] In September 1999, District Judge Coffman sentenced Defendant Charles Sizemore to 295 months' imprisonment followed by five years of supervised release. *Id.* at 1. Mr. Sizemore was released on April 21, 2020. *Id.* Since his initial release, Mr. Sizemore has transgressed his terms of supervised release multiple times by using and possessing controlled substances. *Id.* Accordingly, Mr. Sizemore has been sentenced to serve short periods of incarceration with supervised release conditions to follow. *Id.* at 2-3. Mr. Sizemore's most recent term of incarceration ended on December 29, 2023. *Id.* at 3.

     On April 15, 2024, the United States Probation Office issued a Violation Report charging Mr. Sizemore with two supervised release violations. The report indicated that fentanyl was detected in Mr. Sizemore's April 8, 2024, urine sample. On May 1, 2024, Probation issued an addendum to their original report, which charged two additional violations related to Mr. Sizemore's admission to Probation that he had been using oxycodone without permission.

Mr. Sizemore appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 216.]  On August 9, 2024, Mr. Sizemore appeared before Judge Ingram for his final hearing.  [R. 218.]  As Judge Ingram found, Mr. Sizemore "knowingly, voluntarily, and intelligently" stipulated to all four violations.  *Id*.  After the final hearing, Judge Ingram issued the instant Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  [R. 219.]  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 11-12; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed, and no one has objected to the Report and Recommendation.  Moreover, Mr. Sizemore has waived his right to allocution.  [R. 220.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 219]** is **ADOPTED** as and for the Opinion of the Court;

2

2. Mr. Sizemore is found **GUILTY** of the Violations as charged by the United States Probation Office; and

3. Mr. Sizemore's current term of supervised release is **REVOKED**;

4. Mr. Sizemore is **SENTENCED** to a term of incarceration of twelve (12) months, with no additional supervision to follow; and

5. The Court **RECOMMENDS** to the Bureau of Prisons that Mr. Sizemore be housed at FCI Manchester.

This the 29th day of August 2024.

Gregory F. Van Tatenhove
United States District Judge